### DOYLE v. MANHATTAN RY. CO.

*(Common Pleas of New York City and County, General Term. February 3, 1890.)*

TRIAL—OBJECTIONS TO EVIDENCE—ERRORS CURED.

 In an action against a railroad company for an injury to plaintiff's leg, plaintiff was permitted to testify that about a year after the accident he had a hemorrhage of the lungs, without having previously shown in any way the cause of the hemorrhage. A docter, who was also allowed to testify to the occurrence of these hemorrhages, was asked, "Should you attribute his condition [that is, his weakness and hemorrhages] to the accident?" and in answering assumed, in addition to the elements in the question, that, if plaintiff had any predisposition to pulmonary troubles, he would attribute the accident as having something to do with the development of the trouble; but added, "I cannot say that the injury to his leg directly caused the trouble." *Held*, that the error in admitting this testimony without a proper foundation was cured by a direction to the jury not to consider it, it not appearing from the verdict that the direction was disregarded.

Appeal from trial term.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Davies & Rapallo*, for appellant. *Bristow, Peet & Opdyke*, (*Henry T. Terry*, of counsel,) for respondent.

BOOKSTAVER, J. This is an action brought to recover damages for injuries sustained by the plaintiff through the alleged negligence of the defendant. The jury, upon conflicting evidence as to the cause of the injury, found that it was occasioned through the negligence of defendant. The injury consisted in a severe wound just below the knee, which stripped up the skin from the upper third of the lower leg, and bared the bone for a considerable distance. The wound mortified, and a space as large as would be covered by a man's two hands was involved. The plaintiff was taken to a hospital, where he remained from January 22d to April 23d, being confined to his bed for eight weeks of that time. But one question is raised by the appeal in this case. The plaintiff, after stating that he grew stronger for a while after the accident, testified that he was attacked again with a second sickness on or about January, 1889, about a year after the injury to the leg. He was allowed to testify, under defendant's objection, that this second sickness consisted of a hemorrhage of the lungs, without having previously shown in any way the cause of this hemorrhage. Dr. Davin, who first began to attend the plaintiff at the time of the hemorrhage and about a year after the accident, was also allowed to testify to the occurrence of these hemorrhages. An hypothetical question was then put to this witness, and he was asked, "Should you attribute his condition [that is, his weakness and hemorrhages] to the accident?" This was objected to by defendant, and the physician in answering the question assumed, in addition to the elements in the hypothetical question, that, if the plaintiff had any predisposition to pulmonary troubles, he would attribute the confinement in the hospital, and the surgical injury, and the long-continued suffering as having something to do with the development of

the trouble; but added, "I cannot say that the injury to his leg directly caused the trouble in his lungs." Without laying a proper foundation for such questions, they were inadmissible in evidence, and the hypothetical question put to the physician did not contain sufficient elements to enable him to testify with any certainty as to whether or not the hemorrhages were the result of the injuries sustained by him. We think that this testimony was erroneously admitted, and that the judgment should be reversed, but for the fact that all of it was directed to a particular element of damage, and the court in its charge to the jury expressly directed them that the evidence of the cough and of the hemorrhages was not sufficiently connected with the accident to entitle them to take that element of damage into consideration; and we cannot perceive from the verdict that the jury disregarded the direction of the court, for the amount of the verdict rendered ($1,500) we do not think excessive for the injuries actually sustained and the direct consequences thereof. The injury, and the consequent suffering, we think, was as great, if not greater than if the leg had been actually broken, and a verdict of like amount has been frequently rendered by juries for the latter injury. The court will not reverse a judgment, although erroneous testimony may have been admitted, unless convinced that some injury to the defendant has resulted therefrom. We therefore think the judgment should be affirmed, with costs.